IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MELVIN JACKSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| Nurse PEGGY CHESTER, | : | NO. 1:06-cv-168 (WLS) |
| Defendant | : | **O R D E R** |

Plaintiff **MELVIN JACKSON**, a former inmate at the Dougherty County Jail in Albany, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he seeks leave to proceed *in forma pauperis* (Tab # 2). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## *I. BACKGROUND*

Plaintiff alleges that doctors have diagnosed him as having a hernia. As a result of the hernia, plaintiff claims he is in "severe pain," has blood in his urine, experiences discomfort every time he coughs, and cannot stand for long. Two doctors have allegedly recommended that plaintiff receive

surgical treatment for the hernia. Plaintiff claims that the defendant, a nurse at the Dougherty County Jail, has informed plaintiff that "she's not going to worry about his hernia" until it becomes strangulated. Plaintiff files this action seeking injunctive relief in the form of corrective surgery.[1]

## II. DISCUSSION

The Court notes that the Georgia Department of Correction's web site lists plaintiff's current address as D. Ray James Prison in Folkston, Georgia. Plaintiff is therefore no longer confined in the Dougherty County Jail. The Eleventh Circuit has held that transfer to another prison facility moots a prisoner's injunctive and declaratory claims. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986). Accordingly, plaintiff's claim for injunctive relief is moot.

If plaintiff still wishes to seek injunctive relief, *i.e.*, corrective surgery, he should file a new lawsuit against the appropriate individuals at D. Ray James Prison, where plaintiff is presently confined. That lawsuit should be filed in the United States District Court for the Southern District of Georgia.

## IV. CONCLUSION

Based on the foregoing, the complaint against the defendant should be **DISMISSED**.

**SO ORDERED**, this  17th  day of July, 2007.

W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff previously filed a letter which contained a statement appearing to seek dismissal of this case (Tab # 5). Upon inquiry by the Court, plaintiff indicated that he wished to prosecute this action. Accordingly, on June 25, 2007, Magistrate Judge Hodge issued a recommendation for denial of plaintiff's apparent motion to dismiss.